# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0472** (Harrison County 15-F-222-1)

**David J. Markley,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David J. Markley appeals the order of the Circuit Court of Harrison County, entered on May 19, 2022, resentencing him for the purpose of allowing him to directly appeal a sentence entered several years earlier.[1] On appeal, Mr. Markley presents a single assignment of error: that his sentence of "actual incarceration" is "unconstitutionally disproportionate." Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

In December 2015, Mr. Markley, then 65 years old, pled guilty to one count of first-degree sexual abuse in violation of West Virginia Code § 61-8D-3, and one count of sexual abuse by a person in a position of trust, in violation of West Virginia Code § 61-8D-5.[2] When he entered his plea, he affirmed that he understood that the entry of his plea exposed him to a potential prison term of twenty to forty years, because each crime to which he pled was punishable by ten to twenty years of imprisonment. When Mr. Markley appeared for sentencing, however, the circuit court ordered that Mr. Markley's sentences run concurrently. He, thus, was committed to the state penitentiary for an effective term of ten to twenty years.

Mr. Markley argues that his sentence is unconstitutional because it is not proportionate to his offenses. Unless a sentence "violates statutory or constitutional commands," we review a

---

[1] Mr. Markley appears by counsel Ryan C. Shreve. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

[2] The parties failed to include the indictment in the appendix record on appeal. A copy of the charging document should be included in the appendix for every criminal case. See Rule 7(c)(d)(3) of the West Virginia Rules of Appellate Procedure. Even without the indictment, however, it is apparent that Mr. Markley was charged with sexual crimes involving multiple minor victims.

1

court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas,* 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). That guideline is tempered, however, by the Eighth Amendment's "'proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."' Syllabus point 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980)." Syl. Pt. 4, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). We apply two tests to evaluate the proportionality of a sentence. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The second is an objective inquiry, requiring us to give consideration "to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id*. (quoting Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981)). Having considered Mr. Markley's sentence under each of these tests, we find that the circuit court did not err in sentencing.[3]

Mr. Markley's challenge to his sentence centers on his assertion that "one of [the crimes to which he pled guilty] occurred in the distant past."[4] He argues that he, "an elderly man in declining health," should have received alternative sentencing. Neither of these factors leads to the conclusion that the statutory term of imprisonment shocks the conscience, not do they persuade us that the penitentiary sentence is objectively unreasonable.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] Mr. Markley correctly proposes that we apply these tests. He does not however, present persuasive authority to assist in our consideration of the aspects of each test. Mr. Markley's argument is conclusory.

[4] According to the circuit court's recitation of the indictment at Mr. Markley's plea hearing, the basis of the charge of first-degree sexual assault was that Mr. Markley penetrated the mouth of a four-year-old child.